PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RHAMY, | ) | |
| | ) | CASE NO. 4:25-cv-01786 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SCHWEBEL BAKING COMPANY, *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER [ECF No. 29]** |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant's Notice of Receivership and Suggestion of Stay. ECF No. 29. Plaintiff did not respond to Defendant's Notice. Upon reviewing the applicable filings and law, the Court finds Defendant's request for a stay well taken. The case is stayed until the "Receiver Order"[1] is modified or terminated regarding both the stay and injunction provisions. ECF No. 29.

## I. Background

On August 27, 2025, Plaintiff filed his Complaint in the instant case. ECF No. 1. Plaintiff filed an Amended Complaint; Defendant subsequently filed their Answer. ECF No. 9; ECF No. 12. Defendant filed a dispositive motion, subsequently a response and reply were filed. ECF

[1] The Agreed Order Appointing Receiver was issued in *Spectrum Commercial Finance, LLC*, *v. Schwebel Baking Company*, *et al.*, 4:26-cv-01628 (N.D. Ohio) (J. Adams). ECF No. 9.

No. 19; ECF No. 21; ECF No. 24. Before the Court could rule on the Motion for Summary Judgment, Defendant filed a Notice of Receivership and Suggestion of Stay. ECF No. 29.

The Court then issued an Order, stating that "[a]bsent a well taken objection" Defendant's request for a stay will be granted within 14 days of that Order. *See* ECF No. 30. Plaintiff did not object.

## II. Legal Standard

The Court has the authority to stay litigation. *See* *Ryan v. Gonzales*, 568 U.S. 57, 73 (2013) (citing *Rhines v. Weber*, 544 U.S. 269, 276 (2005)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such order ordinarily rests with the sound discretion of the district court." *FTC v. EMA Nationwide*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Ct., S.D. Ohio*, 565 F.2d 393, 396 (6th Cir. 1977)).

"There is no precise test in this Circuit for when a stay is appropriate. However, district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy." *Dugas v. Wittrup*, No. 2:15-cv-67, 2015 WL 3823264, at *1 (S.D. Ohio June 19, 2015) *(quoting* *Ferrell v. Wyeth–Ayerst Labs.*, Inc., No. 1:01-cv-447, 2005 WL 2709623 (S.D. Ohio Oct. 21, 2005)). In determining whether to grant a stay of proceedings, some courts have defined the inquiry as follows: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration." *Michael v.*

*Ghee*, 325 F.Supp.2d 829, 831 (N.D. Ohio 2004) (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)).

The above-mentioned inquiry is not required when a party fails to respond because it is generally deemed to be unopposed and the position conceded. *See Humphrey v. United States Att'y General Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (stating that where plaintiff failed to respond to argument, any opposition was waived). Additionally, other Courts have also granted a stay absent a response from the non-moving party. *See Dhani v. Hamilton Cnty. Drainage Bd.*, No. 1:24-cv-01405, 2025 WL 2469123 *5 (S.D. Indiana Jan. 10, 2025) (granting a motion to stay because Plaintiff failed to respond to the stay request); *see also Leblanc v. C.R. England Inc.*, No. 3:13-cv-282, 2013 WL 12354441 *5–6 (N.D. Texas May 20, 2013) (granting a motion to stay absent a showing of excusable neglect for Plaintiff's failure to respond).

## III. Analysis

Defendant put the Court on Notice that there is an active Receiver Order that requires "during the pendency of the Receiver Order, all creditors, claimants. . . are enjoined and stayed from taking any action to establish or enforce any claim [against Defendant]." ECF No. 29 at PageID#: 699. Additionally, the Receiver Order prohibits "commencing, prosecuting, litigating, continuing, or enforcing any suit against [Defendant]." ECF No. 29 at PageID#: 699. Plaintiff did not respond to this Notice. The Court issued an Order prompting Plaintiff to respond within 14 days and informed that a failure to respond with a well-taken objection would result in the granting of the stay requested by Defendant. ECF No. 30. Given a second chance, Plaintiff still did not respond.

The Court is not required undertake the above-mentioned inquiry because has Plaintiff failed to respond within the14-day timeframe. Given the Court's broad discretion, and considering Plaintiff's failure to respond to the stay, the Court grants the stay for good cause shown.

## IV. Conclusion

For the foregoing reasons the Court grants Defendant's request for a stay. ECF No. 29. The matter is administratively closed until further order of the Court.

IT IS SO ORDERED.

| | |
|---|---|
| October 2, 2026 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |